**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 05-8072

SERGIO BUSTAMANTE,

Defendant-Appellant.

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 03-CR-58-J)**

Submitted on the briefs:

Ronald G. Pretty, Cheyenne, Wyoming, for Defendant-Appellant.

Matthew H. Mead, United States Attorney, and David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, for Plaintiff-Appellee.

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

**HENRY**, Circuit Judge.

Sergio Bustamante, a federal prisoner, pleaded guilty to unlawfully distributing more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In 2004, the district court sentenced him to 78 months'

imprisonment, and Mr. Bustamante appealed, arguing that the district court improperly enhanced his sentence in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). After he filed his appeal, the Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005). The government recognized that the district court had erred, and moved for remand. We vacated Mr. Bustamante's sentence and directed that the district court re-sentence him in light of *Booker*.

At re-sentencing, the district court imposed the same 78-month sentence, but vacated a fine and special assessment. Here, Mr. Bustamante appeals his re-sentencing. He argues first that the district court erred by calculating the advisory Sentencing Guidelines range based on facts not found by a jury to be true beyond a reasonable doubt. Second, he argues that the sentencing hearing violated the Confrontation Clause of the Sixth Amendment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I. BACKGROUND

In May 2002, Mr. Bustamante made three deliveries of methamphetamine to an undercover officer, totaling 96.5 grams. Rec. vol. VI, at 6 (Pre-Sentence Report (PSR), dated June 15, 2004). Further investigation by the undercover

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

officer and a special agent revealed that three people had obtained, and then re-sold, methamphetamine from Mr. Bustamante and that Mr. Bustamante had facilitated a transaction between a fourth person and one of the investigators. The methamphetamine involved in these other transactions totaled 533.8 grams. *Id.* at 6-9.

In March 2003, the government filed an indictment charging Mr. Bustamante with three counts of unlawful distribution of methamphetamine. Mr. Bustamante pleaded guilty to count three, which concerned only the May 2002 deliveries totaling 96.5 grams, and the government dismissed the other two counts. The PSR, however, recommended that the other 533.8 grams be taken into account as relevant conduct, making Mr. Bustamante responsible for 630.3 grams of methamphetamine in total. *Id.* at 10.

At the initial sentencing hearing in July 2004, the district court heard testimony from the two officers involved in the investigation into Mr. Bustamante and the other four individuals, who did not testify. Based on the officers' testimony and the PSR, the district court found that Mr. Bustamante's relevant conduct involved 630.3 grams. After taking into account certain reductions for safety-valve relief and acceptance of responsibility, the offense level under the Guidelines was level 27, which carried a sentencing range of 70-87 months. The court sentenced Mr. Bustamante to 78 months' imprisonment.

At Mr. Bustamante's post-*Booker* re-sentencing, the district court discussed

3

the evidence presented at the initial sentencing hearing. The district court

acknowledged that, after *Booker*, the Guidelines are advisory, but still must be

afforded "substantial weight" in sentencing. Rec. vol. V, at 7 (Re-Sentencing

Hr'g, dated July 25, 2005). After discussing both aggravating and mitigating

circumstances, the court stated:

> It appears to me, based upon the information that is contained in the presentence report in this matter, that there is substantial evidence to support the calculation of 630.30 grams of methamphetamine based upon a finding by a preponderance of the evidence and based upon the record testimony of the officers that was received at the original sentencing in this matter. I see no reason to change the sentence.

*Id.* at 9.

At re-sentencing, Mr. Bustamante, through counsel, made two arguments,

both of which he renews on appeal. First, he objected to the district court's

reliance on facts not found by a jury to enhance his sentence. He contends that

these judge-found facts violated *Booker* and that the district court should have

relied only on those facts to which he admitted or that were found by a jury.

Second, Mr. Bustamante also objected to the portions of the investigators'

testimony that related to what other targets of their investigation told them about

Mr. Bustamante's involvement in methamphetamine distribution. He argues that

admitting this hearsay testimony violated the Confrontation Clause of the Sixth

Amendment. We review both arguments below.

4

## II. DISCUSSION

A.    *Booker* Argument

Mr. Bustamante contends that the district court violated *Booker* by relying on facts not found by a jury to enhance his sentence in violation of the Sixth Amendment. He does not dispute that the district court recognized that, after *Booker*, the Guidelines were advisory, not mandatory. The government responds that our precedent clearly forecloses Mr. Bustamante's argument, citing *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005) and *United States v. Lawrence*, 405 F.3d 888 (10th Cir. 2005). We review *de novo* a claim that the district court's sentence violated the Sixth Amendment. *United States v. Dowell*, 430 F.3d 1100, 1109 (10th Cir. 2005).

We agree with the government that our circuit has already examined, and rejected, Mr. Bustamante's argument. *See United States v. Dalton*, 409 F.3d 1247, 1252 (10th Cir. 2005) ("*Booker* therefore does not render judicial fact-finding by a preponderance of the evidence per se unconstitutional. The remedial portion of *Booker* demonstrates that such fact-finding is unconstitutional only when it operates to increase a defendant's sentence *mandatorily*."); *Magallanez*, 408 F.3d at 685 ("[T]he Supreme Court's holding in *Booker* would not have prohibited the district court from making the same factual findings and applying the same enhancements and adjustments to [the defendant's] sentence as long as it did not apply the Guidelines in a mandatory fashion.") (quoting *Lawrence*, 405

5

F3d at 890).

Mr. Bustamante contends that these cases are distinguishable because they reviewed the defendants' arguments using a plain error standard of review, but this distinction makes no difference: these cases unequivocally establish that, so long as the district court applies the Guidelines in an advisory, rather than a mandatory, fashion, it may rely on facts found by a judge to be true based on a preponderance of the evidence.

B.      Confrontation Clause Argument

Mr. Bustamante next argues that the district court violated his Sixth Amendment right to confront witnesses against him by relying on the hearsay testimony of the officers involved in his case.  He contends that the Sixth Amendment requires that the other individuals involved in drug crimes, who identified Mr. Bustamante as their supplier, actually testify at the sentencing hearing.  Acknowledging that prior cases in our circuit have rejected this argument, Mr. Bustamante argues that the Supreme Court's recent opinion in *Crawford v. Washington*, 541 U.S. 36 (2004), requires us to reconsider and reverse our prior position.

We disagree.  *Crawford* concerned the use of testimonial hearsay statements at trial and does not speak to whether it is appropriate for a court to rely on hearsay statements at a sentencing hearing.  As we have explained, "[t]he Supreme Court has made clear that the constitutional requirements mandated in a

6

criminal trial as to confrontation and cross-examination do not apply at non-capital sentencing proceedings." *United States v. Beaulieu*, 893 F.2d 1177, 1180 (10th Cir. 1990). We see nothing in *Crawford* that requires us to depart from our precedent "that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings." *United States v. Hershberger*, 962 F.2d 1548, 1554 (10th Cir. 1992); *see also United States v. Luciano*, 414 F.3d 174, 179 (1st Cir. 2005) ("Nothing in *Crawford* requires us to alter our previous conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing."); *accord United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006); *United States v. Baker*, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005); *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005); *United States v. Brown*, 430 F.3d 942, 944 (8th Cir. 2005); *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005).

## III. CONCLUSION

Accordingly, we AFFIRM Mr. Bustamante's sentence.

7