**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 1, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EUGENE CONNER, JR.,

Defendant - Appellant.

No. 06-5075

(N.D. Oklahoma)

(D.C. No. 03-CR-168-P)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **ANDERSON** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

Defendant/appellant Robert Eugene Conner was convicted for knowingly maintaining a place for the purpose of manufacturing, distributing, or using a

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

controlled substance, in violation of 21 U.S.C. §§ 856(a)(1) and (b)(1). He was initially sentenced to ninety-seven months' imprisonment, followed by three years of supervised release. On direct appeal, we affirmed his conviction but remanded for resentencing in light of the Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220 (2005). United States v. Conner, 152 Fed. Appx. 732, 2005 WL 2697256 (10th Cir. 2005). On resentencing, Conner was again sentenced to ninety-seven months' imprisonment, followed by three years of supervised release. He appeals his sentence again, and we affirm.

**BACKGROUND**

The original presentence report ("PSR") prepared by the United States Probation Office in anticipation of Conner's sentencing calculated Conner's base offense level under the United States Sentencing Commission, Guideline Manual ("USSG") (2003), as follows: it attributed 44.5 grams of a mixture containing methamphetamine and 8,640 milligrams of pseudoephedrine to Conner. Using the Drug Quantity Table in USSG §2D1.1, the 44.5 grams of methamphetamine was the equivalent of 89 kilograms of marijuana and the 8,640 milligrams of pseudoephedrine was the equivalent of 86 kilograms of marijuana. The PSR made it clear that, for purposes of calculating the quantity of pseudoephedrine involved, it only included pills from full packets of pseudoephedrine packages, not the empty packages that were found in Conner's house. Based on a total of

175 kilograms of marijuana equivalent, USSG §2D1.1(c)(7) provided a base offense level of twenty-six. Two levels were added to Conner's base offense level pursuant to USSG §2D1.1(b)(1) for possession of firearms during the commission of the offense.[1] Conner's total adjusted offense level was accordingly twenty-eight. With a criminal history category II, the Guideline sentencing range was 87-108 months. As indicated, the court sentenced Conner to ninety-seven months.

On appeal, we remanded for resentencing under Booker, after expressing the following concern about one part of the district court's drug quantity calculation:

> We do pause, however, to note our particular concern with the district court's attribution of 8,640 milligrams of pseudoephedrine to Mr. Conner. Our review of the record reveals that evidence of this quantity was not presented during the trial and the issue was a subject of heated dispute in the sentencing hearing. Moreover, the evidence provided by the government at the sentencing hearing did not clearly indicate whether the calculation of the quantity of pseudoephedrine included the weight of the entire tablets or just the pseudoephedrine contained in the tablets.

Conner, 152 Fed. Appx. at 739.

At the resentencing hearing, the government presented testimony from Officer Brian Comfort, the case agent for the drug investigation of Conner, who had testified as to drug quantities in the original sentencing hearing. He testified

---

[1]Two firearms and some ammunition were found in Conner's bedroom when authorities searched his house.

that his calculation of 8,640 milligrams of pseudoephedrine was based upon the fact that the packaging on each full box or bottle of tablets stated that each tablet contained thirty milligrams of pseudoephedrine. He then multiplied that number (thirty) times the number of pills found in the full boxes or bottles, resulting in the determination that the total amount of pure pseudoephedrine was 8,640 milligrams.

The district court then resentenced Conner to ninety-seven months' imprisonment, after again attributing 8,640 milligrams of pseudoephedrine to Conner:

> Paragraph 19 of the presentence report indicates the defendant was only held accountable for 8,640 milligrams; that is, 8.6 grams of pseudoephedrine. This is comprised of the full bottles of pseudoephdrine detailed in paragraph 11 of the presentence report . . . . These bottles held a total of 288 pills, each pill containing 30 milligrams of pseudoephedrine. This adds up to 8,640 milligrams.
>
> According to the testimony of Officer Comfort, only the weight of the actual controlled substance was used in the calculations as opposed to the . . . total weight of all the pills.

Tr. of Resentencing Hr'g at 23, R. Vol. III. Additionally, as required by Booker, the court carefully considered the sentencing factors contained in 18 U.S.C. § 3553(a):

> Pursuant to 18 U.S.C. § 3553(a), there are several factors that warrant the specific sentence imposed in this case. The court finds a significant term of imprisonment, . . . one within the applicable guideline range, is appropriate and necessary to punish the defendant and protect the public and serve as a deterrent to him and others who may be inclined to commit similar offenses.

Within the applicable guideline range, a sentence in the middle of the range is imposed because the guidelines have considered all the important sentencing factors surrounding this offense and the defendant.

In this case, a significant term of imprisonment is warranted based on several factors.

First, this offense clearly involved the manufacturing of methamphetamine in the defendant's residence, a factor that makes this offense more aggravating than some other forms of drug distribution offenses.

Second, in the defendant's bedroom there was ammunition [and] firearms, one of which was loaded when the offense occurred.

A sentence within the guidelines is appropriate to avoid sentencing disparity between similarly situated defendants.

Finally, this defendant has never expressed any responsibility or remorse for his involvement in this offense, a factor that would possibly cause the court to consider some degree of reduction.

Given the nature of the offense, the maximum length of supervised release [is] appropriate to monitor the defendant's conduct.

Id. at 35-36, R. Vol. III. This appeal followed. Conner argues that the evidence presented at his resentencing was insufficient to establish the quantity of pseudoephedrine contained in the tablets and that Officer Comfort was not qualified to testify concerning that quantity.

**DISCUSSION**

"Factual findings regarding drug quantities are reviewed for clear error and are reversed only if the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made." United States v. Dalton, 409 F.3d 1247, 1251 (10th Cir. 2005). Further, "so long as the district court applies the Guidelines in an advisory, rather than a mandatory, fashion, it may rely on facts found by a judge to be true based on a preponderance of the evidence." United States v. Bustamonte, 454 F.3d 1200, 1202 (10th Cir. 2006). When drug quantities are calculated for purposes of determining a defendant's base offense level under the guidelines, the evidence must have a "minimum indicia of reliability." United States v. Ryan, 236 F.3d 1268, 1273 (10th Cir. 2001).

We hold that the district court's calculation of drug quantity was not clearly erroneous. The evidence supporting that quantity has sufficient indicia of reliability. Officer Comfort, a six-year veteran of methamphetamine investigations, testified about the manufacturer's representation as to how much of the chemical pseudoephedrine was contained in each tablet. While Conner suggests that Comfort was not a chemist and had no qualifications to testify as to chemical quantities, we conclude that he did not need such qualifications to testify as to what the manufacturer represented was in each tablet. Further, the government did not purport to offer Comfort's testimony as that of an expert in

chemistry. He testified as an experienced drug enforcement officer, who could recount what was written on the outside of bottles or boxes of pills.

In short, the calculation of the quantity of pseudoephedrine attributable to Conner was supported by a preponderance of evidence bearing sufficient indicia of reliability.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge