**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LESTER R. RETHERFORD,<br><br>Defendant-Appellant. | No. 06-1008<br>(D. Colorado)<br>(D.C. No. 02-CR-541-WDM) |

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

Lester R. Retherford was convicted after a jury trial of (1) conspiring to

defraud the United States by impairing and impeding the functions of the Internal

Revenue Service, in violation of 18 U.S.C. § 371, and (2) causing the preparation

and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Treating the United States Sentencing Guidelines as advisory, the court imposed concurrent sentences of imprisonment of forty-eight months respectively.

In this appeal, Mr. Retherford challenges the district court's application of the Guidelines in determining that the amount of tax loss under USSG § 2T4.1(D) was $3,132,259. He contends that because it made no special findings as to the scope of the conspiracy, the jury may have convicted him of participating in a much narrower conspiracy—one involving only a single tax return and a tax loss of only $28,000. We are not persuaded by Mr. Retherford's argument and therefore affirm his sentence.

## I. BACKGROUND

From October 1992 until September 2001, Mr. Retherford and his codefendant Paul D. Harris worked together to assist federal taxpayers in concealing their income in offshore bank accounts by either not reporting the income on federal tax returns or misrepresenting the funds in the offshore accounts as deductible business expenses. The defendants used several business entities to carry out this plan, including Tower Executive Resources and First America Research.

The record indicates that Mr. Retherford and Mr. Harris were advised that their plan was illegal. In 1994, an attorney wrote a letter to Mr. Harris informing him that the plan violated provisions of the Internal Revenue Code that carried

criminal penalties. In 1997, a second attorney reviewed the tax returns of some of the taxpayers who had participated in the defendants' plan, and he told the defendants that the plan was "a sham." Rec. vol. XXIX, at 8 ¶ 33 (presentence report).

In a superceding indictment filed in August 2004, a federal grand jury charged Mr. Retherford, Mr. Harris, and a third defendant—Robert N. Bedford—with: (1) one count of conspiring to defraud the United States by assisting in the preparation of false and fraudulent tax returns, in violation of 18 U.S.C. § 371; (2) twenty-six counts of aiding and assisting in the preparation of particular false and fraudulent tax returns for 1997-2000, in violation of 26 U.S.C. § 7206(2); (3) one count of filing a false report with the Secretary of the Treasury, in violation of 31 U.S.C. §§ 5314 and 5322; and (4) one count of failing to provide financial information to the Internal Revenue Service, in violation of 31 U.S.C. § 5322.

A jury convicted Mr. Retherford of the § 371 conspiracy count and one of the § 7206(2) counts for assisting in the preparation of a false or fraudulent tax return—one that involved the tax return of John Mikutowicz for 1998 (as charged in count 23 of the superceding indictment). The jury acquitted Mr. Retherford on eleven of the § 7206(2) counts. As to the remaining counts, the jury was unable to reach a verdict.

The presentence report noted that Guidelines are now advisory. <u>See</u> Rec. vol. XXIX, at 9 ¶ 38 (stating that the court, "while not bound to apply the Guidelines, must consult the advisory guidelines and take them into account with the sentencing factors identified at 18 U.S.C. § 3553(a) when determining the sentence"). Applying the 2000 addition of the Guidelines, the report calculated the base offense level to be twenty-one. That level was based upon a tax loss of $3,132,259. <u>See id</u>. at 8 & ¶ 34 (explaining that, (a) pursuant to USSG § 2T1.1(c)(1)(A), "[if] the offense involved filing a tax return in which gross income was underreported, the tax loss shall be treated as equal to 28% of the unreported gross income[,]" (b) the amount of underreported gross income in this case was $11,186,641, and (c) 28% of $11,186,641 is $3,132,259).

The presentence report then recommended the following upward adjustments in the offense level: (a) a two-level increase pursuant to USSG § 2T.1.4(b)(1)(A) because Mr. Retherford committed the offenses as part of a scheme from which he derived a substantial portion of his income; (2) a two-level increase pursuant to USSG § 2T1.4(b)(2) because the offenses involved sophisticated concealment; (3) a four-level increase pursuant to USSG § 3B1.1(a) because the Mr. Retherford was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; (4) a two-level increase pursuant to USSG § 3C1.1 for obstruction of justice.

At the sentencing hearing, the district court rejected Mr. Retherford's argument that the base offense level should be calculated solely by determining the tax loss arising out of §7206(2) count involving the 1998 tax return of Mr. Mikutowicz:

> The issue here is that argued by the defendant that the only specific conviction for [Mr. Retherford] was Count 23, and that should be the limitation of the amount which would place, in essence, the defendant at offense level 12 rather than 21. I conclude that the Government is correct in its argument. I agree that I am bound, as defense also acknowledges, in this circuit to consider the issue and apply my observation of the evidence.

> I would conclude that [Mr. Retherford] participated in the Tower scheme, which, in essence, was to take income otherwise attributable to a taxpayer, create false expenses, move the income to an offshore account, and counsel that it could be, once moved, used to really pay personal expenses.

> It's as simple as that in my view. And I would certainly conclude, as a matter of preponderance, which is the standard as I understand it, that this defendant should be considered to be responsible for all the relevant conduct. And the law, as it stands, does not require that a jury make this determination but that I make it.

> And having been the trial judge, I certainly so conclude clearly without any question in my mind or doubt that this defendant was involved in creating false, untruthful matters that were simply fiction and with the intent that that would be used to keep the taxpayer from paying what was otherwise due on account of income attributable to the taxpayer.

> That was the scheme, and it was one that, stripped of everything else, was simply creating various entities

and fictional expenses to purportedly keep income from being income. That, therefore, means that I'm dealing with the recommended offense level 21.

Rec. vol. XXVIII, at 53-54.

As to the other upward adjustments, the court noted:

> Under the best case scenario, if I don't include obstruction of justice and deriving substantial portion of the income and lessen the adjustment for role [in the offense] to 3, the guidelines would have a 26 offense level and provide for a sentence of 63 to 78 months. With obstruction of justice it would be at 28, and a 78 to 97 [month] range.

Id. at 56. Stating that it was aware of Mr. Retherford's health problems, the court sentenced Mr. Retherford to a term of incarceration substantially below the minimum of the lesser of these two Guideline ranges—forty-eight months.

## II. DISCUSSION

Mr. Retherford now argues that the district court erred in defining the scope of the conspiracy. According to Mr. Retherford, "the jury may have convicted [him] of only conspiring with Mr. Harris to help Mr. Mikutowicz falsify his 1998 1040. In that case, the tax loss would have been only $28,000 [and] [t]he resulting base offense level would have been 12 pursuant to U.S.S.G. § 2T4.1(D)." Aplt's Br. at 8.

Mr. Retherford's argument is based on a misunderstanding of the role of judge and jury in sentencing. Under the post-Booker sentencing scheme, "so long as the district court applies the Guidelines in an advisory, rather than a mandatory, fashion, it may rely on facts found by a judge." United States v. Bustamante, 454 F.3d 1200, 1202 (10th Cir. 2006); see also United States v. Ferguson, 456 F.3d 660, 664 (6th Cir. 2006) (stating that "this court and others have repeatedly held since Booker that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to Booker"); United States v. Bah, 439 F.3d 423, 426 n.1 (8th Cir. 2006) ("[J]udicial fact-finding using a preponderance of the evidence standard is permitted provided that the guidelines are applied in an advisory manner.").

Here, the district court found by a preponderance of the evidence that the presentence report's calculation of the amount of the tax loss was correct and that, as a result, the base offense level was twenty-one. The district court's finding is supported by § 1B1.3 of the Guidelines, which "recognizes that a defendant can be held accountable for 'relevant conduct' for which he has not been convicted." United States v. Lindsay, 184 F.3d 1138, 1141 n.3 (10th Cir. 1999). In light of the court's findings, the alleged ambiguity regarding the jury's conclusion as to the scope of the conspiracy is not determinative. Because the court's finding of the amount of tax loss is not clearly erroneous, see United

States v. Rodriguez-Delma, 456 F.3d 1246 (10th Cir. 2006), we defer to its decision.

## III. CONCLUSION

Accordingly, we AFFIRM Mr. Retherford's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge