**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GILBERT COOPER BATEMAN, III,

Defendant-Appellant.

No. 06-6101
(D.C. No. CR-05-94-2-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Defendant-Appellant Gilbert Cooper Bateman, III appeals his conviction

for possession with intent to distribute methamphetamine, asserting that the

evidence was insufficient. He does not challenge his conviction for conspiracy to

possess and distribute methamphetamine. He also appeals his sentence on the

ground that the district court violated his constitutional rights when it considered

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidence of drug quantity not found by the jury.  We exercise jurisdiction under 28 U.S.C. § 1291, vacate the conviction for possession with intent to distribute methamphetamine, and affirm the sentence.

*Background*

In the summer of 2003, Oklahoma state and federal drug task force agents investigated a methamphetamine distribution ring in the Oklahoma City area. They discovered that Jennifer Lujan was distributing methamphetamine to various individuals, including Mr. Bateman, his then-girlfriend Brandi Hodges, and his friend Charles Council.  Mr. Bateman was charged with four criminal counts based on his participation in a conspiracy to distribute methamphetamine. Following a jury trial, he was convicted on two counts:  conspiracy to possess and distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  He was acquitted of the remaining two counts.

On a special verdict form, the jury found that the quantity of drugs involved was "less than 500 grams but 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine." R. Vol. I, Doc. 93 at 1.  When sentencing Mr. Bateman, however, the district court found by a preponderance of the evidence that the drug quantity attributable to Mr. Bateman was not less than 500 grams.  Accordingly, the court imposed a

sentence of 165 months based on the greater drug amount.[1] Mr. Bateman

contends that his maximum sentence was 121 months based on the jury's finding

of drug quantity.

*Sufficiency of the Evidence*

Mr. Bateman first argues that the evidence was insufficient to support his

conviction on Count 2 for possession with intent to distribute methamphetamine

under § 841(a)(1). He contends that the evidence showed only that he and his

friend Charles Council were joint users who shared the methamphetamine they

received from Ms. Lujan.

> We review de novo the issue of whether there is sufficient
> evidence to sustain a jury verdict. We must examine the evidence in
> the light most favorable to the prosecution to determine whether any
> rational trier of fact could have found the essential elements of the
> crime beyond a reasonable doubt.

*United States v. Brooks*, 438 F.3d 1231, 1236 (10th Cir. 2006) (citation and

quotation omitted).

To establish that a defendant violated § 841(a)(1), the prosecution must

prove beyond a reasonable doubt that he "(1) possessed the controlled substance;

(2) knew he possessed the controlled substance; and (3) intended to distribute or

dispense the controlled substance." *United States v. McKissick*, 204 F.3d 1282,

1291 (10th Cir. 2000). Mr. Bateman concedes that the evidence was sufficient on

---

[1]     The court imposed concurrent sentences of 165 months on each count, plus
supervised release and a monetary assessment.

-3-

the first two criteria, but he asserts that no evidence demonstrated that he intended to distribute or dispense methamphetamine. "[I]n the context of a drug trafficking case, [the term 'distribute'] means to intentionally deliver narcotics to another person." *United States v. Cherry*, 433 F.3d 698, 702 (10th Cir. 2005) (quotation omitted), *cert. denied*, 126 S. Ct. 1930 (2006).

Mr. Bateman contends that the evidence did not show that he distributed methamphetamine at the place alleged in Count 2, which was the residence of his friend Charles Council, during the time alleged, the winter of 2002. *See* R. Vol. 1, Doc. 14 at 3. The evidence pertaining to Mr. Bateman's drug activities at the time and place charged came from Mr. Council. He testified that he and Mr. Bateman used methamphetamine together and it was "like [Council] and [Bateman] buying it together." R. Vol. 4 at 233-34. Although Mr. Council distributed drugs to others, he did not consider Mr. Bateman a customer; rather, they took "care of each other, you know, as a drug addict." *Id.*

There was no evidence that Mr. Bateman's drug use at the Council home was associated with any of the customary accouterments of drug distribution, such as scales, packaging materials, firearms, or large amounts of cash, from which the jury could infer that he was a distributor. *Cf. United States v. Verners*, 53 F.3d 291, 294 (10th Cir. 1995) (holding presence of materials used to distribute drugs supported jury's finding that defendant was involved in the distribution of drugs). Similarly, there was no evidence that Mr. Bateman possessed more

-4-

methamphetamine than was consistent for personal use. *Cf. United States v. Nicholson*, 17 F.3d 1294, 1299 (10th Cir. 1994) ("An intent to distribute may be inferred from the possession of a large quantity of a controlled substance.").

Finally, the government points to events occurring well after the time period charged in Count 2 at places other than Mr. Council's home to support its argument that there was evidence that Mr. Bateman was distributing methamphetamine. The record indicates that Mr. Bateman distributed methamphetamine he received from Ms. Lujan, but it also shows that the two did not meet until 2003, R. Vol. 4 at 119, 267, after the time period charged in Count 2, the winter of 2002. The government points to no sales transaction occurring at Mr. Council's residence and our review of the record reveals none. The government's case on Count 2 required the jury to infer that because Mr. Bateman was distributing drugs in 2003, he must also having been doing so in the winter of 2002. "[T]he jury should not have been allowed to substitute its *belief* about what *probably* occurred for what the government actually proved." *United States v. Jones*, 49 F.3d 628, 633 (10th Cir. 1995). Accordingly, we conclude that the jury's guilty verdict on Count 2 was based on speculation and conjecture, rather than evidence, and we cannot allow the guilty verdict to stand. *See id.* at 632-33. The conviction for possession with intent to distribute methamphetamine is therefore vacated.

*Sentence*

Mr. Bateman also challenges his sentence, claiming that the district court violated his Sixth Amendment rights by basing his sentence on a drug quantity higher than that found by the jury. The district court found by a preponderance that Mr. Bateman's Guidelines range should be based on a drug quantity that included two pounds of methamphetamine Ms. Lujan left in his apartment during the night of October 22-23, 2003. Mr. Bateman maintains that the court impermissibly rejected the jury's finding of drug quantity.

"When reviewing a district court's application of the Sentencing Guidelines, we review legal questions *de novo* and we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Patterson*, 472 F.3d 767, 781 (10th Cir. 2006). Specifically, because Mr. Bateman made his Sixth Amendment argument at sentencing, we review that issue *de novo*. *United States v. Stiger*, 413 F.3d 1185, 1191 (10th Cir.), *cert. denied*, 126 S. Ct. 775 (2005). A sentencing court is required to consider the Guidelines in determining a sentence, but it is not required to impose a sentence within the Guidelines range. *United States v. Booker*, 543 U.S. 220, 259 (2000).

Mr. Bateman does not challenge his conviction for conspiracy to possess and distribute methamphetamine. In addition, he acknowledges that the district court properly applied the Guidelines and treated them as advisory, rather than

mandatory. Rather, he objects to being sentenced based on judge-found facts as to drug quantity, rather than on the jury's special verdict of drug quantity. He asserts that the court constitutionally was required to base his sentence on the lower drug quantity found by the jury, rather than on the greater quantity the judge determined by a preponderance of the evidence.

Mr. Bateman's argument is foreclosed by circuit precedent holding "that when a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard." *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir.), *cert. denied*, 126 S. Ct. 468 (2005); *accord United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007) ("'After *Booker,* a constitutional violation lies only where a district court uses judge-found facts to enhance a defendant's sentence *mandatorily* under the [Guidelines], and not where a court merely applies such facts in a discretionary manner.'") (quoting *United States v. Rodriguez-Felix,* 450 F.3d 1117, 1130 (10th Cir.), *cert. denied*, 127 S. Ct. 420 (2006)); *Patterson*, 472 F.3d at 781 ("[T]here is clear precedent in this circuit that, under *Booker*'s advisory regime, a district court may make Sentencing Guidelines calculations using facts found by the judge."); *United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006) (same). As explained in *Magallanez*,

[D]istrict courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before. The only difference is that the court has latitude, subject to reasonableness review, to depart from the resulting Guideline ranges. . . . [W]hen a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard. In this respect, the prior Guidelines scheme is unchanged by the seeming revolution of *Booker*.

*Magallanez*, 408 F.3d at 685 (citation omitted).

Mr. Bateman attempts to distinguish his case from *Magallanez* by pointing out that he preserved his Sixth Amendment claim, while the *Magallanez* defendant did not. Consequently, the *Magallanez* defendant received only plain error review on appeal. "[B]ut this distinction makes no difference: the[] cases unequivocally establish that, so long as the district court applies the Guidelines in an advisory, rather than a mandatory, fashion, it may rely on facts found by a judge to be true based on a preponderance of the evidence." *Bustamante*, 454 F.3d at 1202. Mr. Bateman does not challenge on appeal the district court's finding that the greater drug quantity was established by a preponderance of the evidence. Accordingly, we conclude that the district court's sentencing decision did not violate Mr. Bateman's Sixth Amendment rights.

For the foregoing reasons, we VACATE the conviction for possession with intent to distribute methamphetamine, and AFFIRM the sentence.

Entered for the Court


David M. Ebel
Circuit Judge