FILED
United States Court of Appeals
Tenth Circuit

April 10, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WILLIAM MARTINEZ,

     Defendant - Appellant.

No. 07-4190
(D.C. No. 2:06-CR-666-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

William Martinez pled guilty to one count of possession with intent to

distribute 50 grams or more of pure or actual methamphetamine. The district

court sentenced him to 120 months imprisonment, followed by five years of

supervised release. On appeal, Mr. Martinez's counsel filed an *Anders* brief and

moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967).

Mr. Martinez subsequently filed *pro se* a response contending that he did not

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

knowingly and voluntarily plea guilty because the district court did not advise him of the maximum sentence for his crime, that his sentence is unconstitutional because the district court sentenced him based on an amount of drugs not alleged in the indictment, and that he received ineffective assistance of counsel. The government declined to file a brief. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss this appeal.

\* \* \*

In September 2006, Mr. Martinez delivered approximately one pound of methamphetamine to his co-defendant, T. Amber Ward, for sale to a customer who turned out to be an undercover police officer. It was later determined that the drugs contained 185.8 grams of actual methamphetamine. Federal prosecutors filed a one-count indictment, charging Mr. Martinez with possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. That charge carries a statutory range of punishment of 10 years to life imprisonment.

Represented by appointed counsel, Mr. Martinez pled guilty pursuant to a plea agreement with the government. In his "Statement by Defendant in Advance of Plea of Guilty," Mr. Martinez admitted to delivering one pound of methamphetamine to Ms. Ward and stated that he did not dispute the lab results classifying the drugs as 185.8 grams of actual methamphetamine. Mr. Martinez

also acknowledged in his statement that his crime carried a mandatory minimum sentence of 10 years imprisonment. The statement further informed Mr. Martinez of the rights he was relinquishing by pleading guilty and indicated that by signing the document he was verifying that he understood his rights and entered the plea agreement knowingly and voluntarily.

Under the Guidelines, Mr. Martinez's conviction, based on the 185.8 grams of actual methamphetamine, carried a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3). After a three-level reduction for acceptance of responsibility, the final offense level suggested by the Guidelines was 31. Because of prior alcohol-related driving infractions, Mr. Martinez was classified at criminal history category level II. That total offense level and criminal history category produced a proposed Guidelines sentencing range of 121 to 151 months imprisonment. Neither party disputed this calculation or any other aspect of the presentence report. At sentencing, Mr. Martinez requested that the district court sentence him to the mandatory statutory minimum, 120 months. The district court did so, and Mr. Martinez timely filed a notice of appeal.

\*　\*　\*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal

would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).  This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel for Mr. Martinez represented that he could find no basis in law or fact for any argument on direct appeal.  Mr. Martinez's response argues that (1) his guilty plea was not knowing and voluntary because the district court did not advise him of the maximum sentence for his crime; (2) his sentence based on 185.8 grams of methamphetamine is unconstitutional because the indictment did not specify the drug amount; and (3) he received ineffective assistance of counsel.[1]  After conducting a full examination of the record, we agree with counsel that there is no basis in law or fact for any of these arguments.

1.  A valid guilty plea must be knowingly, intelligently, and voluntarily made.  *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11.  Before accepting a guilty plea, the district court must

---

[1]  As a *pro se* filing, we give solicitous consideration to Mr. Martinez's response.  *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

- 4 -

address the defendant in open court and inform the defendant of his or her rights, the nature of the offense, and the possible penalties. Fed. R. Crim. P. 11(b). Mr. Martinez argues that his plea is invalid because, during this colloquy, the district court did not inform him of the maximum penalty he faced and therefore did not comply with Rule 11(b)(1)(H). To the contrary, the transcript of Mr. Martinez's change of plea hearing plainly reflects that the district court advised Mr. Martinez that the maximum possible sentence was life imprisonment, and Mr. Martinez responded that he understood. Change of Plea Hr'g Tr. at 7.

We further find no other evidence to indicate that Mr. Martinez's guilty plea and plea agreement were not voluntary, knowing, and intelligent. The record indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. *See* Change of Plea Hr'g Tr. (indicating that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that he fully understood the charges against him and the consequences of the plea, explained the terms and conditions of the proposed plea agreement, and otherwise ensured that the plea was freely, voluntarily, and intelligently made). Mr. Martinez has failed to put forward any evidence or colorable argument that would place the validity of the plea or plea agreement in doubt, and so any appeal on these grounds would be meritless.

2. Mr. Martinez argues that the district court violated *United States v. Booker*, 543 U.S. 220 (2005), by relying on facts not alleged in the indictment to

which he pled guilty to enhance his sentence. The indictment charged Mr. Martinez with possessing with intent to distribute 50 grams or more of actual methamphetamine, whereas the district court's Guidelines calculation was based on 185.8 grams of actual methamphetamine. This argument fails for at least three reasons.

First, Mr. Martinez admitted in his plea agreement that he delivered approximately one pound of methamphetamine to Ms. Ward, of which 185.8 grams were actual methamphetamine. *See* Statement by Defendant in Advance of Plea of Guilty at 5. Thus, in using the 185.8 grams to calculate the applicable Guidelines range, the district court did not find additional facts outside the guilty plea.

Second, the district court did not use the 185.8 grams to increase Mr. Martinez's sentence. The court sentenced Mr. Martinez to the mandatory statutory minimum sentence of 120 months, not to a sentence within his advisory Guidelines range of 121-151 months, which was calculated based on the 185.8 grams. He therefore received the lowest possible sentence available under the statute listed in the indictment, which specified only 50 grams or more of actual methamphetamine, rendering any use of the 185.8 grams in the Guidelines range calculation harmless because it did not affect his ultimate sentence.

Finally, even assuming counterfactually that Mr. Martinez had not admitted to possessing 185.8 grams and the district court had used that amount to increase

his sentence, our precedent makes clear that judicial fact-finding by the preponderance of the evidence is unconstitutional only when used to increase a defendant's sentence by applying the Guidelines in a mandatory fashion. *See United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006). Here, not only did the district court not use the 185.8 grams to increase Mr. Martinez's sentence, but the district court also understood the advisory nature of the Guidelines and, in fact, did not apply the Guidelines in a mandatory fashion, as evidenced by Mr. Martinez's below-Guidelines sentence. *See* Change of Plea Hr'g Tr. at 8 (stating that the court will utilize the Guidelines "in an advisory way").

3. As for the possibility of appeal based on ineffective assistance of counsel, we note that, even if Mr. Martinez had a valid claim on these grounds, such a claim is generally most properly pursued in collateral proceedings rather than on direct appeal so that the defendant can proceed with a record developed for that purpose. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) ("The vast majority of ineffective assistance of counsel claims should be brought in collateral proceedings rather than on direct appeal from a conviction."); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Mr. Martinez offers us no reason to depart from this general rule in his case.

\* \* \*

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge