**UNITED STATES COURT OF APPEALS**

**April 2, 2009**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE PEDRO GARCIA,

    Defendant - Appellant.

No. 07-2173
(D.C. No. CR-04-2242-BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Jose Pedro Garcia was convicted by a jury of being a felon in possession of

a firearm and ammunition. He appeals the denial of his motion to suppress the

weapon and ammunition. In his motion, he argued that there were insufficient

grounds to stop, investigate, and arrest him. At the suppression hearing, the

district court heard testimony from a police detective who testified as to what two

individuals told him, which ultimately led the police to Mr. Garcia. At the

---

[*]    This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hearing, Mr. Garcia made no objection to this testimony, but now argues that it violated his Sixth Amendment right to confront witnesses against him.

The district court entered judgment against Mr. Garcia. Mr. Garcia timely filed his notice of appeal. Exercising our jurisdiction under 28 U.S.C. § 1291, we **AFFIRM.**

## BACKGROUND

Mr. Garcia was charged with being a felon in possession of a firearm and ammunition. He filed a motion to suppress this evidence, arguing that there were "insufficient grounds upon which to stop, investigate and to subsequently arrest" him. R., Vol. I, Doc. 75, at 1 (Mot. to Suppress, filed Jan. 18, 2007). The district court conducted a hearing on this motion.

At the suppression hearing, a then-retired detective testified about an investigation into another individual ("Suspect A") for selling narcotics. He explained that officers were working with a confidential informant ("CI"), who had arranged to purchase narcotics from Suspect A. The police decided to conduct this buy and supplied money to the CI for the purchase. Suspect A told the CI that the purchase would be conducted through two females, and the CI gave these women the money.

Suspect A instructed the women to drive to an apartment complex to complete the transaction, and the officers followed the women to the complex to observe the transaction. The officers saw a man driving an SUV arrive, enter and

exit the women's vehicle, and then drive off. The women went to a pay phone, and the officers contacted the CI to determine what had occurred. The CI informed the officers that the women had been robbed. The officers approached the women and identified themselves as police officers. The women admitted that they were there to buy drugs, had been in contact with Suspect A, and had been robbed of the money.

The officers then took both women to a police substation. The detective testified that, at the substation, the women indicated that Mr. Garcia was involved in the robbery and described him as a young, Hispanic man with a shaved head and tattoo on his neck. Approximately two hours after the women left the substation, one of them called the detective and told him that Mr. Garcia would soon be at her apartment complex and described his vehicle. The officers went to the apartment complex to wait for Mr. Garcia. When Mr. Garcia arrived, the officers stopped his car and ordered him to get out. When he got out, officers observed an assault rifle in the vehicle's front seat.

The district court denied Mr. Garcia's motion to suppress the rifle and ammunition found in his vehicle. The case proceeded to trial, but the detective did not testify at trial. Mr. Garcia was convicted and sentenced to 240 months of imprisonment.

At the suppression hearing, Mr. Garcia did not object to the detective's testimony. He now argues that the portion of his testimony in which the detective

communicated statements made by the two women was inadmissible at the suppression hearing because it violated his Sixth Amendment right to confront witnesses. He asserts that the women's statements were the "only basis for the police stopping Mr. Garcia" and were inadmissible hearsay under *Crawford v. Washington*, 541 U.S. 36 (2004). Aplt. Br. at 12-14.

## DISCUSSION

### A.  Standard of Review

Ordinarily, in reviewing a district court's denial of a motion to suppress, we consider the evidence in the light most favorable to the government and accept the district court's factual findings unless clearly erroneous. *United States v. Cheromiah*, 455 F.3d 1216, 1220 (10th Cir. 2006). The ultimate question of reasonableness under the Fourth Amendment is reviewed de novo. *Id.* Here, Mr. Garcia is challenging whether the district court should have permitted certain testimony by the detective at the suppression hearing, claiming that the testimony was inadmissible under *Crawford v. Washington*. However, Mr. Garcia did not make this argument before the district court. The government contends that the argument is waived, or at least forfeited. Therefore, we must first address this contention.

Waiver is the "intentional relinquishment or abandonment of a known right," while "forfeiture is the failure to make the timely assertion of a right." *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) (internal

-4-

quotation marks omitted).  The dispositive element that differentiates waiver from forfeiture is intent; forfeiture only requires neglect.  *See United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) (discussing "the distinction" between intent and neglect, as evidenced by the waiver and forfeiture concepts, and noting that "[w]e typically find waiver in cases where a party has invited the error that it now seeks to challenge, or where a party attempts to reassert an argument that it previously raised and abandoned below"), *petition for cert. filed*, No. 08-9389 (U.S. Mar. 20, 2009).

Here, there is no indication from the record that Mr. Garcia intentionally relinquished or abandoned his *Crawford* argument before the district court. Because Mr. Garcia simply "fail[ed] to make a proper objection," this argument should be considered forfeited and not waived.  *Carrasco-Salazar*, 494 F.3d at 1272 (internal quotation marks omitted).  Thus, plain error review applies.

To establish plain error, Mr. Garcia must establish that the district court (1) committed error, (2) that was plain, and (3) that affected his substantial rights. *United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005).  If he demonstrates that all three conditions are met, he must then show that an exercise of the court's discretion is appropriate because the error affects the integrity, fairness, or public reputation of judicial proceedings.  *Id.* at 1174, 1178.  If Mr. Garcia demonstrates that the alleged error is constitutional error, "we relax our analysis on the remaining elements of plain error review."  *Id.* at 1174.

-5-

**B.     Plain Error Analysis**

We need not resolve whether *Crawford*'s protection of an accused's Sixth Amendment confrontation right applies to suppression hearings, because even if we were to assume this protection does apply, we would conclude that the district court's error cannot be adjudged "plain."  For an error to be plain, it must be "clear or obvious under current, well-settled law."  *Id.* (internal quotation marks omitted).

There is no binding precedent from the Supreme Court or this court concerning whether *Crawford* applies to pretrial suppression hearings.  To the extent that we can divine clues from our case law concerning the resolution of this issue, they do not benefit Mr. Garcia.  *See United States v. Miramonted*, 365 F.3d 902, 904 (10th Cir. 2004) (decided after *Crawford*, but without citing it, holding that "hearsay [testimony] is admissible at a hearing on a motion to suppress and should have been considered by the district court"); *cf. United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006) ("*Crawford* concerned the use of testimonial hearsay statements *at trial* and does not speak to whether it is appropriate for a court to rely on hearsay statements at a sentencing hearing." (emphasis added)).

Moreover, apparently few federal courts have squarely addressed the issue. *See, e.g.*, *United States v. Morgan*, 505 F.3d 332, 338 (5th Cir. 2007) ("[T]he Fifth Circuit has not decided whether *Crawford* applies to pretrial proceedings

-6-

and determinations . . . ."); *Francischelli v. Potter*, No. 1:03-CV-6091-ENV, 2007 WL 776760, at *10 (E.D.N.Y. Mar. 12, 2007) ("[T]he Court can find no authority applying *Crawford* to a suppression hearing."). And Mr. Garcia can find little solace in the rulings of those courts that have definitively spoken. *See, e.g.*, *Washburn v. United States*, No. 3:05-CV-774 RM, 2006 WL 3715393, at *4 (N.D. Ind. Dec. 14, 2006) (noting that *Crawford*'s applicability to pretrial suppression hearings is "an issue of first impression" in the Seventh Circuit and finding that defendant's "reliance on *Crawford* is misplaced"); *United States v. Thompson*, No. 4:05CR00161 HEA(AGF), 2005 WL 3050634, at *6 (E.D. Mo. Nov. 14, 2005) (rejecting *Crawford*'s alleged applicability to a pretrial suppression hearing, noting "*Crawford* does not change the long-standing prior precedent that permits the use of hearsay in preliminary proceedings dealing with the admissibility of evidence").[1]

Accordingly, we cannot conclude that any error by the district court in failing to apply *Crawford* in Mr. Garcia's suppression hearing is "clear or obvious

---

[1] The *Thompson* court observed:

> There is nothing in the *Crawford* opinion that suggests an intent to change this long-standing principle permitting the admission of hearsay at a suppression hearing. Nor is there any such suggestion in the cases that followed the March 2004 *Crawford* decision. To the contrary, the cases after *Crawford* reaffirm the admissibility of hearsay at suppression hearings.

2005 WL 3050634, at *5.

under current, well-settled law." *Dazey*, 403 F.3d at 1174 (internal quotation marks omitted); *see United States v. Johnson*, 183 F.3d 1175, 1179 (10th Cir. 1999) ("Because only one court has addressed this issue and reached a result contrary to Defendant's position on appeal, he fails to make the necessary [plain error] showing [that the error was clear and obvious]."). Mr. Garcia, therefore, cannot establish the second prong of the plain error test and his appellate challenge must fail.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.


Entered for the Court


Jerome A. Holmes
Circuit Judge