**UNITED STATES COURT OF APPEALS**

July 22, 2010

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 10-4050 |
| v. | (D. of Utah) |
| DEAN RAMIREZ, | (D.C. Nos.1:08-CV-00157-TC, 1:03-CR-00062-TC-1 and |
| Defendant-Appellant. | 1:03-CR-00069-TC-6) |

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Dean Ramirez, a federal prisoner proceeding pro se,[1] seeks to appeal the

dismissal of his motion to vacate his sentence under 28 U.S.C. § 2255.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY a

Certificate of Appealability (COA) and DISMISS Ramirez's appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] While a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," we will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. Background

In 2005, Ramirez was convicted of drug and firearms-related offenses, for which he was sentenced to 30 years' imprisonment. Ramirez's convictions arose from law enforcement's extensive surveillance of a drug trafficking ring in Ogden, Utah. A confidential informant involved in the investigation told federal agents that Ramirez was acting as a supplier of illegal drugs and was using his repair shop to build hidden compartments in automobiles, which later were used to transport drugs and weapons to and from Mexico. Based on the informant's statements—as well as wiretaps and information from other co-conspirators, and an affidavit from a federal agent involved in the surveillance—the district court authorized a wiretap of Ramirez's cellular telephone. The wiretap yielded a number of incriminating conversations between Ramirez and his co-conspirators, which supported the prosecution and conviction.[2]

Ramirez appealed his conviction and sentence, and in 2007 this court affirmed. Ramirez began the present collateral attack on his conviction and sentence in December 2008. In district court, Ramirez claimed (1) his trial and appellate counsel provided him ineffective assistance, (2) the prosecutor failed to turn over exculpatory evidence per *Brady v. Maryland*, 373 U.S. 83 (1963), and failed to disclose the identity of the confidential informant in violation of the

---

[2] For a thorough recounting of the facts surrounding the conviction that are not relevant in this appeal, *see United States v. Ramirez*, 479 F.3d 1229, 1234–38 (10th Cir. 2007).

Confrontation Clause, and (3) the federal agent's affidavit used to justify Ramirez's wiretap was flawed.

The district court dismissed Ramirez's § 2255 motion. The court found Ramirez's claim for ineffective assistance of counsel centered on the failure to challenge wiretap evidence, insist the government disclose the identity of the confidential informant, cross-examine various witnesses, and present evidence. The district court's review of the trial record revealed that trial counsel in fact had challenged the wiretap, cross-examined witnesses vigorously, and presented evidence. With respect to the confidential informant, the district court concluded Ramirez had not explained how the disclosure of the informant's identity would have aided his defense and, conversely, how his attorney's failure to press the issue prejudiced him.

The district court determined Ramirez's second claim concerning prosecutorial misconduct was meritless. Ramirez did not identify what exculpatory evidence the prosecution allegedly withheld. In addition, the district court characterized Ramirez's Confrontation Clause argument as essentially a restatement of his confidential informant claim, which the court had already dismissed.

Finally, the district court held Ramirez's third claim concerning wiretap evidence was barred because the issue had been raised and ruled on in Ramirez's direct appeal.

Liberally construed, Ramirez's request for a COA raises two issues. First, Ramirez argues the withholding of the confidential informant's identity violated the Confrontation Clause, and his trial and appellate counsel provided ineffective assistance when they failed to raise this issue at trial and in his direct appeal. Second, Ramirez claims prosecutors violated 18 U.S.C. § 3500 when they failed to give Ramirez grand jury transcripts and notes from the federal agent who provided an affidavit in support of the wiretaps.

## II. Discussion

### A. *Standard of Review*

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). For Ramirez to be granted a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### B. *Confrontation Clause*

Ramirez's trial and appellate counsel failed to advance the Confrontation Clause argument. "Ordinarily, '[section] 2255 is not available to test the legality of matters which should have been raised on appeal.'" *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (quoting *United States v. Kahn*, 835 F.2d 749, 753 (10th Cir. 1987)). "Where a defendant has procedurally

defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "Ineffective assistance of counsel . . . is cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Ramirez's Confrontation Clause argument therefore hinges on whether his counsel were unconstitutionally ineffective for failing to make the argument at trial and on appeal.[3] To prove his counsel were ineffective, Ramirez must show "(1) representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Welch v. Workman*, 607 F.3d 674, 702 (10th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)) (internal punctuation omitted). "Judicial scrutiny of counsel's performance must be highly deferential . . . [and we] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

It is beyond reasonable debate that Ramirez's counsel were not ineffective in failing to make a Confrontation Clause challenge to the use of the confidential informant. The Supreme Court has not yet indicated whether the Confrontation

---

[3] Ramirez does not appear to allege he is actually innocent.

Clause applies to hearsay statements made in suppression hearings. *See United States v. Garcia*, 324 F. App'x 705, 708 (10th Cir.), *cert. denied*, 130 S. Ct. 223 (2009) (collecting cases). Nonetheless, even if we assume that the Confrontation Clause applies to the hearings at issue here, the admission of the confidential informant's statements was harmless. "When determining whether a Confrontation Clause error is harmless," we have turned to several factors:

> (1) the importance of the witness's testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of the actual cross-examination; and (5) the overall strength of the [prosecution's] case.

*United States v. Burke*, 571 F.3d 1048, 1057–58 (10th Cir.), *cert. denied*, 130 S. Ct. 565 (2009).

The confidential informant's description of Ramirez's involvement in the drug conspiracy was undoubtedly cumulative evidence. As we described when we affirmed Ramirez's conviction on direct appeal, the wiretap application was supported by extensive evidence: law enforcement observed the confidential informant purchase drugs believed to be supplied by Ramirez; pen register analysis of a co-conspirator's cellular telephone showed he called Ramirez numerous times while making another drug deal; a co-conspirator stated to law enforcement that Ramirez was a drug supplier; and Ramirez made a number of incriminating statements on another co-conspirator's wiretapped telephone. *See*

*Ramirez*, 479 F.3d at 1234–35. Thus, even if there was a Confrontation Clause violation, it did not substantially harm Ramirez's attempt to suppress the wiretap.

Given our holding that whatever Confrontation Clause error may have occurred was harmless, it is beyond reasonable debate that Ramirez's ineffective assistance of counsel claim fails. Ramirez's claim fails on both of the ineffective assistance of counsel prongs. First, Ramirez cannot show his "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, because there was not available an established Confrontation Clause challenge to the confidential informant's statements. *See United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995) (quoting *Bond v. United States*, 1 F.3d 631, 635 n.2 (7th Cir. 1993)) ("[C]ounsel's strategy decisions—including the decision not to pursue a plethora of issues on appeal—ordinarily do not violate the Sixth Amendment's guarantee of effective assistance of counsel."); *cf. id.* (holding counsel can be ineffective if it omits a "dead-bang winner"). Second, our harmless error holding entails there was not "a reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In sum, we deny a COA on Ramirez's Confrontation Clause argument.

*C.  18 U.S.C. § 3500*

We also deny Ramirez a COA on his argument concerning 18 U.S.C. § 3500 and his lack of access to grand jury materials. Even liberally construing

Ramirez's district court motion and memorandum, the § 3500 argument was not made below. "The general rule in this circuit is that 'a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory.'" *Shoels v. Klebold*, 375 F.3d 1054, 1062 (10th Cir. 2004) (quoting *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002)). Regardless, we may only issue a COA if Ramirez makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ramirez has not alleged so severe of an error as to, for example, show his right to a fair trial was jeopardized.

### III. Conclusion

For the foregoing reasons, we DENY Ramirez a COA and DISMISS his appeal. We DENY Ramirez's motion for leave to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge