**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERTO CARRASCO-SALAZAR,

    Defendant - Appellant.

No. 06-2311

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-03-2581-RB)**

Terri J. Abernathy, Assistant United States Attorney, (and Larry Gomez, Acting United States Attorney, on the brief), Las Cruces, New Mexico, for Plaintiff - Appellee.

Leon Schydlower, El Paso, Texas, for Defendant - Appellant.

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **KELLY**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendant-Appellant Roberto Carrasco-Salazar pled guilty to unlawful reentry by an alien previously convicted of an aggravated felony, see 8 U.S.C. §§ 1326(a) & (b)(2), and appeals his sentence of 70 months' imprisonment. Our

jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## Background

Mr. Carrasco is a Mexican citizen. In 1996, he pled guilty to one count of criminal sexual conduct in the fourth degree in Minnesota, see Minn. Stat. § 609.345(1)(c), and he was deported on January 16, 2002. On October 24, 2003, the border patrol arrested Mr. Carrasco in Sunland Park, New Mexico. After waiving indictment, he entered a plea of guilty on December 30, 2003 to an information charging him with unlawful reentry.

The Probation Office prepared a Presentence Investigation Report ("PSR") in advance of sentencing. The PSR calculated Mr. Carrasco's base offense level at 8, but it recommended a 16-level enhancement based upon his prior conviction for fourth-degree criminal sexual conduct. See U.S.S.G. § 2L1.2(b)(1)(A). After deducting 3 points for acceptance of responsibility, see id. § 3E1.1, the PSR determined that Mr. Carrasco's total offense level was 21. Mr. Carrasco's criminal history score was calculated to be 13, leading to a criminal history category of VI. This resulted in a Guideline sentencing range of 77 to 96 months' imprisonment.

On April 22, 2004, Mr. Carrasco filed objections to the PSR, contesting both the 16-level enhancement and the calculation of his criminal history score.

R. Doc. 14, at 1-2. The objection relevant to this appeal challenged the PSR's use of Mr. Carrasco's Minnesota conviction to enhance his offense level, arguing that fourth-degree criminal sexual conduct is not categorically a crime of violence because it includes acts which would not constitute crimes of violence. See Minn. Stat. § 609.345; Aplt. Br. at 7-10.

In response, the Probation Office submitted an addendum to the PSR, which included a copy of the Minnesota complaint charging Mr. Carrasco with fourth degree criminal sexual conduct in violation of Minn. Stat. § 609.345(1)(c). This particular subsection of § 609.345 only applies when "the actor uses force or coercion to accomplish the sexual contact." Id. at (1)(c). The complaint alleged that Mr. Carrasco "willfully, wrongfully, unlawfully, intentionally and feloniously engaged in sexual contact with another person and used force or coercion to accomplish the sexual contact." Aplee. Sealed App. at 5. The government also submitted a printout of Minnesota court records indicating that Mr. Carrasco specifically pled guilty to violating § 609.345(1)(c). See R. Doc. 17, Ex. 3.

In July 2004, Mr. Carrasco filed supplemental objections to the PSR claiming that a 16-level enhancement based on his guilty plea, rather than facts admitted or found by a jury, violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004). The district court continued the sentencing hearing pending the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

On July 22, 2005, Mr. Carrasco appeared before the district court for sentencing. The court first sustained Mr. Carrasco's objection to two of the criminal history points assessed against him. This resulted in a total offense level of 21 and a criminal history category of V, and Mr. Carrasco's new Guideline range was 70 to 87 months' imprisonment. Then, the following exchange occurred between the court and defense counsel:

> THE COURT:     All right. There was a presentence report noted. There were objections. I think that all of those now have been resolved, have they not, Mr. Wagman?
>
> MR. WAGMAN:  Yes, Your Honor.

I Aplt. Supp. App. (Tr. Sent. H'g 7/22/05) at 3. After ascertaining that Mr. Carrasco had reviewed the PSR with counsel, the court announced a tentative sentence of 70 months' imprisonment. Id. at 3-4. Defense counsel stated that his client had no objection to the sentence, id. at 4, and Mr. Carrasco declined to allocute, id. at 6. The court then imposed sentence.

## Discussion

On appeal, Mr. Carrasco seeks to resurrect his argument that the imposition of a 16-level enhancement was improper. Relying upon Shepard v. United States, 544 U.S. 13 (2005), he contends that the district court erred in adopting the PSR's characterization of his conviction for fourth-degree criminal sexual conduct as a

crime of violence. Aplt. Br. at 6. The government argues that he has waived this argument. Aplee. Br. at 6. This requires us to address waiver and forfeiture.

"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" United States v. Olano, 507 U.S. 725, 733 (1993). In other words, "waiver is accomplished by intent, [but] forfeiture comes about through neglect." United States v. Staples, 202 F.3d 992, 995 (7th Cir. 2000). Given this distinction, we have held that "a party that has forfeited a right by failing to make a proper objection may obtain relief for plain error; but a party that has waived a right is not entitled to appellate relief." United States v. Teague, 443 F.3d 1310, 1314 (10th Cir. 2006), cert. denied, 127 S. Ct. 247 (2006); see also United States v. Hardwell, 80 F.3d 1471, 1487 (10th Cir. 1996) ("Errors that are waived rather than merely forfeited through failure to object are not subject to plain error review."), reh'g granted in part on other grounds, 88 F.3d 897 (10th Cir. 1996).

Our prior cases make clear that waiver bars a defendant from appealing an invited error. See, e.g., Teague, 443 F.3d at 1316 (rejecting the defendant's challenge to the conditions of his supervised release because he had proposed them through counsel and personally agreed to them at his sentencing); Hardwell, 80 F.3d at 1487 (rejecting the defendant's claims of misjoinder because his two cases had been tried together at his request). Here, however, the defendant did

not actually invite the alleged error; he merely stated that his prior objection had been resolved. Our cases do not squarely address this situation.

However, our sister circuits have uniformly held that an abandoned objection is waived. In United States v. Martinez-Jimenez, for example, the Seventh Circuit affirmed the defendant's sentence on such grounds. 294 F.3d 921, 922 (7th Cir. 2002). The defendant had objected to the enhancement in advance of sentencing, contending that his prior conviction did not qualify as a crime of violence. However, when asked whether he disputed the total offense level calculated in the PSR at sentencing, the defendant responded through counsel, "We do not." Id. at 922. The Seventh Circuit explained:

> By such statement, Martinez plainly communicated an intention to relinquish and abandon any arguments related to his offense level calculation. . . . Further, Martinez-Jimenez can hardly claim ignorance on the part of himself or anyone else where, as here, he and the government submitted arguments concerning the very sentencing calculation issue for which he now seeks appellate review, and the probation officer prepared a supplemental report outlining and explaining the offense level computations of which all parties and the court were aware. Martinez-Jimenez has waived any challenge to the district court's offense level calculation and appellate review is precluded.

Id. at 923 (internal citations omitted).

We agree. There can be no clearer "intentional relinquishment or abandonment of a known right," Olano, 507 U.S. at 733, than when the court brings the defendant's prior objection to his attention, asks whether it has been resolved, and the defendant affirmatively indicates that it has, cf. United States v.

Denkins, 367 F.3d 537, 543 (6th Cir. 2004) (holding that a PSR objection was waived because "[h]aving expressly raised this issue . . . Defendant and his counsel then proceeded to abandon it"); United States v. Thompson, 289 F.3d 524, 527 (8th Cir. 2002) ("Because the lawyer who represented Thompson in the district court withdrew Thompson's objections to the PSR, Thompson is precluded from arguing those objections on appeal.").  Mr. Carrasco waived his objection to the 16-level enhancement by indicating to the district court that it had been resolved.  The sequence of events also demonstrates that the waiver was knowing and voluntary, and Mr. Carrasco has made no argument to the contrary.  Accordingly, Mr. Carrasco is precluded from challenging the 16-level enhancement on appeal.

AFFIRMED.