**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE ARTURO NANEZ-LOPEZ,

    Defendant - Appellant.

No. 07-3212
(D.C. No. 06-CR-20178-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Jorge Arturo Nanez-Lopez pled guilty to possession

with intent to distribute 50 grams or more of methamphetamine.  21 U.S.C.

§§ 841(a)(1) & (b)(1)(A)(viii); 18 U.S.C. § 2.  Mr. Nanez-Lopez was sentenced to

the statutory minimum term of 120 months' imprisonment followed by five years'

supervised release.  His appellate counsel has filed a brief pursuant to Anders v.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

<u>California</u> and a motion to withdraw as counsel, having identified no potentially meritorious issues for appeal.  386 U.S. 738, 744 (1967).  Mr. Nanez-Lopez was served with a copy of the motion and brief and no response has been filed.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's motion to withdraw.

Prior to sentencing, Mr. Nanez-Lopez filed a sentencing memorandum arguing that he should be afforded a "safety valve" adjustment to the mandatory minimum sentence based on his post-arrest disclosures about his involvement and that of others.  <u>See</u> 18 U.S.C. § 3553(f)(5); I R. Doc. 18.  The "safety valve" adjustment, if applicable, would permit Mr. Nanez-Lopez to be sentenced under the normal guideline range (108 to 135 months' imprisonment, in his case) regardless of the mandatory minimum.  The government, however, objected, arguing that Mr. Nanez-Lopez had not been completely debriefed and had failed to provide all of the information he had about the offense.  I R. Doc. 19.  The district court continued the sentencing to allow more debriefing.  The government again maintained that Mr. Lopez-Nanez had not been truthful.  Trial counsel then withdrew her objection to the presentence report, stating that in view of the government's position, "I can see no way that we could carry the burden of proving a negative, if you will."  III R. Doc. 33 at 3.  Mr. Nanez-Lopez filed a pro se notice of appeal after sentencing.

We have reviewed the record and agree with counsel that there is no

potentially meritorious issue for appeal.  Mr. Nanez-Lopez abandoned any objection with respect to 18 U.S.C. § 3553(f)(5) by withdrawing it before the district court.  See United States v. Carrasco-Salazar, 494 F.3d 1270, 1272-73 (10th Cir. 2007).  There is nothing to suggest that this waiver was based on anything other than the difficulty of proof.  Mr. Nanez-Lopez argued for a sentence of 120 months' imprisonment, III R. Doc. 33 at 4, and that is what he received.

DISMISSED.  Counsel's motion to withdraw is GRANTED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge