**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KIRINO CARRILLO-JAIME,

    Defendant-Appellant.

No. 07-2207
(D.C. No. 07-CR-00822 MCA)
(D.N.M.)

---

**ORDER AND JUDGMENT***

---

Before **LUCERO**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Kirino Carrillo-Jaime, a citizen of Mexico, appeals his sentence of 46 months' imprisonment imposed following his plea of guilty to one count of illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b). He raises a single issue on appeal: Whether the district court erred in adding 16 levels to his base offense level under the United States Sentencing Guidelines ("Guidelines") based on its finding that his prior conviction for residential

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

burglary in the State of Washington amounted to a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A). For its part, the government raises an antecedent question: Whether Carrillo-Jaime waived the issue now advanced by conceding it at his sentencing hearing.

Because we agree with the government that Carrillo-Jaime waived his only asserted ground for appeal, we affirm the sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**I**

On March 3, 2007, agents from United States Customs and Border Protection apprehended Carrillo-Jaime after he entered the United States without authorization near Columbus, New Mexico. Two months later, Carrillo-Jaime pleaded guilty to a one count information charging him with illegal reentry under 8 U.S.C. § 1326(a) and (b). His Presentence Investigation Report ("PSR") noted a base offense level of 8, see U.S.S.G. § 2L1.2(a), but added a 16-level adjustment under § 2L1.2(b)(1)(A) because he had previously been convicted of a felony "crime of violence." Application Note 1(B)(iii) to § 2L1.2 defines "burglary of a dwelling" as a "crime of violence," and the PSR listed a 2005 conviction for "Residential Burglary-Domestic Violence" in Wenatchee, Washington as the predicate for the adjustment. After deducting 3 points for acceptance of responsibility, see § 3E1.1, the PSR calculated a final offense level

of 21 and a criminal history category of III.  Taken together, these determinations yielded an advisory sentencing range of 46-57 months' imprisonment.

Following release of the PSR, Carrillo-Jaime lodged written objections with the district court.  Relevant to this appeal, he claimed that the 16-level adjustment under § 2L1.2(b)(1)(A) was improper because the Washington statute under which he was convicted, Wash. Rev. Code. § 9A.52.025(1), encompasses conduct which would not qualify as "burglary of a dwelling" under federal law.  See Taylor v. United States, 495 U.S. 575, 599-602 (1990).  In support of this proposition, he cited United States v. Wenner, 351 F.3d 969 (9th Cir. 2003), in which the Ninth Circuit held that § 9A.52.025(1) is broader than federal "burglary of a dwelling" because the Washington definition of a "dwelling" includes structures that fall outside the federal definition of the same term.[1]  Carrillo-Jaime separately maintained that the adjustment was also improper under the so-called "modified categorical approach," which permits a federal court to look to certain documents from the prior conviction to determine whether the defendant was actually charged with and convicted of all of the elements of the federal crime.  See Shepard v. United States, 544 U.S. 13, 15 (2005).  He contended that the

---

[1] Washington law defines a "dwelling" as "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging."  Wash. Rev. Code. § 9A.04.110(7).  In addition to having its ordinary meaning, a "building" can be "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods . . . ."  § 9A.04.110(5).

documents used to support the adjustment did not reveal whether he was convicted of entering a "dwelling," as defined by federal law.

In response to Carrillo-Jaime's objection, the United States Probation Office ("Probation Office") filed an addendum to the PSR and attached a copy of the state court document charging him with "Residential Burglary-Domestic Violence." That information charged that Carrillo-Jaime had "unlawfully and feloniously with intent to commit a crime against a person or property therein, enter[ed] or remain[ed] unlawfully in a dwelling other than a vehicle located at [123 Main St.], Wenatchee, WA, to wit: the residence of [Jane Doe]."[2]

At the sentencing hearing, the district court asked counsel for Carrillo-Jaime whether, given the addendum to the PSR and the judgment and sentence entered in the state case, counsel wished to address the written objection to the adjustment "any further." The following dialogue ensued:

Counsel:    I have to admit, now that we have seen the information, and I apologize if I misread that or overlooked the important residence language.

The Court: It's very specific.

Counsel:    Correct. The wind has been taken out of the sails of the argument to a certain extent involving the 16 level increase. When you look at the Washington statute, it's clearly ambiguous to a certain extent. But under the modified clerical [sic] approach, the Court can look at the information, and it would appear, Judge, that does

[2] For privacy purposes, we have changed the street address and victim name noted in the Washington information.

- 4 -

satisfy. . . . I think that it would appear that the information satisfies the crime of violence requirement of 2L1.2.

Following this exchange, Carrillo-Jaime did not again object to the legal or factual applicability of the § 2L1.2 adjustment. He instead acknowledged that the "16 level increase for the residential burglary [was] warranted . . . under the guidelines," and argued only that the resulting sentencing range was "excessive" in light of the 18 U.S.C. § 3553(a) sentencing factors. The district court concluded that the adjustment was properly applied and ultimately sentenced Carrillo-Jaime to 46 months' imprisonment, the bottom of the relevant sentencing range. This timely appeal followed.

## II

As the sole issue he presents for our review, Carrillo-Jaime seeks to resuscitate his original objection to the 16-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A). He maintains that Washington law defines burglary more broadly than federal law, because "residential burglary" in that state includes burglary of a fenced area, a railway car, or a cargo container. See Wenner, 351 F.3d at 972; see also Wash. Rev. Code §§ 9A.52.025, 9A.04.110(5) & (7). Thus, he concludes, we must apply the "modified categorical approach" described in Shepard, 544 U.S. at 15. Under this approach, Carrillo-Jaime urges that the underlying documents relied upon by the district court to impose the adjustment—the information and judgment from his prior conviction—do not

- 5 -

"exclude the possibility that the [Washington] offense was, for instance, burglary committed in the victim's fenced backyard area." Without addressing the merits of this issue, the government contends that we may not review the argument now asserted because Carrillo-Jaime affirmatively waived his objection to the adjustment at sentencing. Given the record before us, we agree with the government.

A defendant who fails to properly object to an error in the district court, thereby forfeiting any challenge thereto, may nonetheless obtain relief on appeal upon review for plain error. See United States v. Teague, 443 F.3d 1310, 1314 (10th Cir. 2006); Fed. R. Crim. P. 52(b). But a defendant who waives an issue by intentionally relinquishing or abandoning it in the court below is precluded from seeking any appellate review of that question. United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007) ("[W]aiver is accomplished by intent, but forfeiture comes about through neglect. . . . [A] party that has waived a right is not entitled to appellate relief." (quotation and alteration omitted)).

In Carrasco-Salazar, we addressed a case strikingly similar to the instant one. We specifically considered whether a criminal defendant had waived his prior objection to the § 2L1.2(b)(1)(A) crime-of-violence adjustment by representing to the court at sentencing that all of his objections had been resolved. Id. As in this case, following the defendant's written objection to the crime-of-violence adjustment, the Probation Office submitted an addendum to the PSR that

included a copy of the relevant state charging document.  See id. at 1271.  We held that, by later indicating to the sentencing court that all of his objections to the PSR had been resolved, the defendant waived the sentencing objection and was not entitled to appellate review.  Id. at 1273.  We reasoned that "[t]here can be no clearer intentional relinquishment or abandonment of a known right . . . than when the court brings the defendant's prior objection to his attention, asks whether it has been resolved, and the defendant affirmatively indicates that it has."  Id. (quotation omitted).

Carrillo-Jaime's remarks at sentencing establish intentional abandonment even more clearly than the statement at issue in Carrasco-Salazar.  Not only did Carrillo-Jaime fail to pursue any factual or legal argument against application of the adjustment, but he also conceded that the addendum to the PSR had taken the wind "out of the sails of the argument," that "the information satisfies the crime of violence requirement of 2L1.2," and that the adjustment was "warranted . . . under the guidelines."  By these statements, he plainly conveyed to the court that he was abandoning his previous objection.  See id. at 1273; see also United States v. Martinez-Jimenez, 294 F.3d 921, 923 (7th Cir. 2002).  He has therefore waived the question now pursued and is not entitled to appellate review of its merits.

## III

For the reasons stated, we **AFFIRM** the sentence.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge