FILED
United States Court of Appeals
Tenth Circuit

March 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MAMADOU FOFANA, a/k/a Mamadou
Cisse, a/k/a Amadou Cisse,

      Defendant-Appellant.

No. 09-1435
(D.C. No. 06-CR-00438-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Mamadou Fofana appeals from the district court's revocation of his

term of supervised release and the 20-month consecutive term of imprisonment imposed

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in connection with that revocation. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In October 2006, Fofana was indicted on one count of using a false passport, in violation of 18 U.S.C. § 1543, and one count of using a fraudulently obtained social security number, in violation of 42 U.S.C. § 408(a)(7)(A). Fofana subsequently pled guilty to the second count in the indictment and, on May 17, 2007, was sentenced to time served plus a 3-year term of supervised release. The conditions of his supervised release required him, in pertinent part, to refrain from "commit[ting] another federal, state or local crime." ROA, Vol. 1 at 9.

On October 17, 2008, Fofana's probation officer filed a petition with the district court alleging that Fofana had violated the terms of his supervised release by committing the offense of "Assault 1 - Serious Bodily Injury with Deadly Weapon, in violation of Colorado Statute 18-3-202(1)(a)," and by failing to report his arrest in connection with that offense. Id. at 18. On April 20, 2009, Fofana's probation officer filed a supplemental petition with the district court alleging that Fofana had also violated the terms of his supervised release by committing "the offense of Protection Order Violation - Civil Domestic Violence, in violation of Colorado State Statute 18-6-803.5 . . . ." Id. at 22.

On June 29, 2009, Fofana was tried and convicted by a jury in Colorado state court of second degree assault with provocation, a "Class 6 felony" under Colorado state law.

2

Id. at 26. Fofana was subsequently sentenced in connection with that conviction to 30 months' imprisonment in the custody of the Colorado Department of Corrections.

On September 23, 2009, the district court conducted a hearing on the alleged violations of supervised release. At the conclusion of the evidence, the district court found that Fofana "violated his conditions of supervised release by committing . . . the felony offense of the second degree assault, injury with a deadly weapon in the heat of passion, in violation . . . of Colorado state law . . . ." Id., Vol. 2 at 11. The district court noted this "constitute[d] a Grade A violation," id., that "required" the revocation of supervised release, id. at 14. In assessing the sentence to be imposed upon Fofana, the district court noted that one of the victims of the assault "suffer[ed] serious bodily injury in the form of a depressed skull fracture and a small subdural hematoma, injuries involving a substantial risk of death." Id. at 20. The district court further noted it was not persuaded by Fofana's counsel that a sentence below the policy statement advisory Guideline range of 18 to 24 months was appropriate. Id. at 21. Ultimately, the district court sentenced Fofana to a term of imprisonment of 20 months, "consecutive to any sentence he [was] serving with the Colorado State Department of Corrections." Id. at 23.

II

Fofana raises two issues on appeal. First, he contends the district court erred in concluding that his commission of a Grade A violation required the revocation of his supervised release. Second, he contends that it was plainly unreasonable for the district court to order the imposed term of imprisonment to run consecutively to any sentence he

3

was serving with the Colorado Department of Corrections. For the reasons that follow, we conclude that both issues lack merit.

*a) Revocation of supervised release*

Section 7B1.1 of the United States Sentencing Guidelines outlines "three grades of . . . supervised release violations . . . ." U.S.S.G. § 7B1.1(a). It is undisputed that Fofana's commission of the felony offense of second degree assault with provocation under Colorado state law constitutes a "Grade A" violation of his supervised release. See U.S.S.G. § 7B1.1(a)(1) (defining Grade A violation to include a "state . . . offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence").

In turn, § 7B1.3 of the Sentencing Guidelines outlines the circumstances under which the various grades of supervised release violations should, in the Sentencing Commission's view, result in the revocation of a defendant's term of supervised release. Of relevance here is subsection (a)(1), which states: "Upon a finding of a Grade A . . . violation, the court shall revoke probation or supervised release." U.S.S.G. § 7B1.3(a)(1). The district court in this case was obviously referring to § 7B1.3(a)(1) when it stated: "Well, under the policy statements of the [Sentencing] Guidelines, this being a Grade A violation, it is required that I revoke supervised release." ROA, Vol. 2 at 14.

Fofana argues on appeal that the district court "erred in believing revocation was mandatory under" § 7B1.3(a)(1). Aplt. Br. at 9. In support, Fofana notes that § 7B1.3 is merely a non-binding "policy statement" issued by the United States Sentencing

4

Commission. Fofana further notes that although 18 U.S.C. § 3583(g) mandates the revocation of supervised release in certain instances, his violation of supervised release does not fall within any of those statutory categories.

Normally, we review a district court's decision to revoke a term of supervised release for abuse of discretion. United States v. Metzener, 584 F.3d 928, 932 (10th Cir. 2009). Because Fofana did not raise these arguments below, however, we review his arguments only for plain error.[1] United States v. Cordova, 461 F.3d 1184, 1186 (10th Cir. 2006). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007).

Having reviewed the record on appeal, we are not persuaded there was any error on the part of the district court, let alone plain error. After hearing testimony from Fofana's probation officer and finding that Fofana had violated the terms of his supervised release by engaging in criminal conduct in violation of Colorado state law, the district court asked the parties for their recommended dispositions. In doing so, the district court specifically stated that it "need[ed] some clarification as to whether the

---

[1] As noted by the government, Fofana's counsel conceded at the revocation hearing that "the Court must revoke" Fofana's supervised release. ROA, Vol. 2 at 20. In doing so, Fofana's counsel arguably waived the arguments now asserted by Fofana on appeal. See United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007) (differentiating between waived and forfeited issues). Because Fofana cannot prevail under any standard of review, however, we find it unnecessary to conclusively resolve whether the arguments have been waived.

sentence, <u>if revocation ensues</u>, is to be concurrent or consecutive to any sentence [Fofana was then] serving under the state case." ROA, Vol. 2 at 13 (emphasis added). Although the district court later in the hearing referred to revocation of supervised release as being "required," <u>id.</u> at 14, or "mandatory," <u>id.</u> at 20, for a Grade A violation, it also twice noted that the Sentencing Guideline provisions pertaining to revocation of supervised release were "policy statements," <u>id.</u> at 14, and it noted that, in the context of a "supervised release violation" hearing, it possessed "even more discretion than . . . in [an] original sentencing" proceeding. <u>Id.</u> at 18. Considered together, these comments do not clearly indicate that the district court believed it was bound by the Sentencing Guidelines to revoke Fofana's supervised release.

Even assuming, for purposes of argument, that Fofana could satisfy the first two prongs of the plain error test, he clearly cannot establish the third prong of that test. To meet the third prong, Fofana must demonstrate that his substantial rights were affected, which requires a showing that the result of the revocation proceeding would have been different but for the asserted error. <u>See</u> <u>United States v. Romero</u>, 491 F.3d 1173, 1179 (10th Cir. 2007). In other words, Fofana must demonstrate that, but for the district court's purported misapprehension that it was required under the Sentencing Guidelines to revoke Fofana's supervised release, it would not have done so and would have allowed Fofana to remain on supervised release. Notably, Fofana does not even assert, much less establish, that his term of supervised release would not have been revoked absent the purported error. And, in any event, nothing in the record on appeal remotely suggests the

6

district court would have, absent the purported error, refrained from revoking Fofana's supervised release.

*b) Imposition of consecutive sentence*

In his second issue on appeal, Fofana challenges the district court's decision to run his 20-month term of imprisonment consecutively to any sentence he was then serving under the supervision of the Colorado Department of Corrections. Fofana, citing 18 U.S.C. § 3583(e)(3), asserts that any term of imprisonment imposed in connection with the revocation of supervised release is not a "new term of imprisonment," but rather is a conversion of the original term of supervised release. Aplt. Br. at 10. In other words, he asserts, a "defendant is just finishing out the term of imprisonment imposed upon the original conviction." Id. Consequently, Fofana asserts, requiring the term of imprisonment in this context to run "consecutive to any undischarged term of imprisonment the defendant is currently serving[] is altering the original term of imprisonment and, as such, is plainly unreasonable." Id.

Fofana's arguments, however, are based on a misreading of § 3583(e)(3). That subsection authorizes a district court to

> revoke a term of supervised release, and require the defendant to serve in
> prison all or part of the term of supervised release authorized by statute for
> the offense that resulted in such term of supervised release without credit
> for time previously served on postrelease supervision . . . .

18 U.S.C. § 3583(e)(3). Although Fofana interprets the initial portion of this quoted language as authorizing a district court to convert the remainder of a defendant's original

7

term of supervised release into a term of imprisonment, that interpretation ignores the remaining portion of the statutory language. Read together, the quoted statutory language authorizes a district court to impose a new term of imprisonment equal to "all or part of the term of supervised release authorized by statute for the offense that resulted in" the original term of supervised release, and that, in imposing this new term of imprisonment, the defendant is not entitled to "credit for time previously served" on the original term of supervised release.

In turn, as we have noted, 18 U.S.C. § 3584(a) affords discretion to a district court, in the context of the revocation of supervised release, to order the new term of imprisonment to run concurrently or consecutively with any other terms of imprisonment then being served by the defendant. United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256 (10th Cir. 2006). A district court's discretion in this regard "is guided by the factors delineated [in] 18 U.S.C. § 3553(a), which include the characteristics of the offense and the defendant, the need for deterrence and the protection of the public, and . . . 'the applicable guidelines or policy statements issued by the Sentencing Commission.'" Id. (quoting 18 U.S.C. § 3553(a); internal citation omitted). Notably, the Sentencing Commission has issued a policy statement applicable to this situation:

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.

U.S.S.G. § 7B1.3(f).

8

Thus, the district court's order in this case requiring Fofana to serve his new 20-month term of imprisonment consecutively to any sentence Fofana was serving in the custody of the Colorado Department of Corrections is "in accordance with the advisory policy statement contained in § 7B1.3(f)." Rodriguez-Quintanilla, 442 F.3d at 1256. And it is Fofana's "burden to demonstrate that the District Court should [have] exercise[d] its discretion to impose concurrent sentences in spite of that [advisory policy] statement." Id. Because Fofana has failed to meet this burden, we conclude the district court neither abused its discretion, nor imposed an unreasonable sentence. Id. at 1258.

We AFFIRM both the revocation of Fofana's supervised release and the consecutive sentence imposed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

9