FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEROME YAZZIE,

    Defendant - Appellant.

No. 13-2073
(D.C. No. 1:11-CR-03108-PJK-1)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

---

    Jerome Yazzie appeals the 40-year sentence he received after being convicted by a jury of several offenses, including two counts of carrying or using a firearm in relation to a crime of violence. *See* 18 U.S.C. § 924(c). On appeal he argues that the United States

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

District Court for the District of New Mexico erred by determining that the statutory minimum term of imprisonment under § 924(c) was 35 years instead of 32 years. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Defendant waived this challenge because he invited the error by repeatedly asserting that the mandatory minimum term of imprisonment was 35 years.

Defendant forced entry into a home, discharged a shotgun into the ceiling, restrained the occupants, and stole several items. He also forced one of the occupants at gunpoint to accompany him to a nearby home in an attempt to gain entry there as well. The attempt failed and Defendant eventually left the area. A jury convicted him of aggravated burglary, *see* 18 U.S.C. § 1153; robbery, *see id.* §§ 1153, 2111; kidnapping, *see id.* §§ 1153, 1201(a)(2); and two counts of carrying or using a firearm in relation to a crime of violence, *see id.* § 924, one for the burglary and robbery offenses and one for the kidnapping offense.

The presentence report calculated that the guideline range was 65 years to life. At Defendant's request the district court varied downward and imposed a sentence of 35 years for the two violations of 18 U.S.C. § 924(c) and an additional five years for the remaining offenses, for a total of 40 years.

On appeal Defendant argues that the district court erred because the statutory mandatory minimum for the two § 924(c) offenses should have been 32 years instead of 35 years. We do not decide the merits of this challenge, however, because Defendant waived it by inviting error. *See United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272

2

(10th Cir. 2007) ("Our prior cases make clear that waiver bars a defendant from appealing an invited error."). "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error." *John Zink Co. v. Zink*, 241 F.3d 1256, 1259 (10th Cir. 2001) (internal quotation marks omitted). Defendant invited the alleged error on several occasions. In his response to a pretrial motion in limine, his attorney wrote, "Defense counsel has determined that, if convicted of the eight counts charged in this indictment, Jerome Yazzie will be sentenced to a <u>mandatory minimum term of 35 years</u> and a probable maximum term of life imprisonment." Supp. R., Vol. III at 31. More importantly, after his conviction Defendant submitted a sentencing memorandum (requesting a downward variance) that began:

> The Defendant JEROME YAZZIE, by and through his attorney DANIEL J. TALLON, requests that the Court sentence him to a term of *35 years, the mandatory minimum term of imprisonment applicable to Count 3 and Count 5* of this indictment [the § 924(c) charges], and accomplish this by means of a downward variance from the advisory guideline sentencing range . . . .

R., Vol. 1 at 222 (emphasis added). In the remainder of that filing, Defendant stated at least six times that the mandatory minimum sentence was 35 years. At the sentencing hearing the court complied with his request and sentenced him to 35 years' imprisonment on the § 924(c) charges. Defendant did not object and we will not now entertain this challenge.

3

We AFFIRM Defendant's sentence.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

4