FILED
United States Court of Appeals
Tenth Circuit

May 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES RUSSELL STEELE,

Defendant - Appellant.

No. 15-7005
(D.C. No. 6:00-CR-00061-FHS-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Defendant - Appellant, Charles Russell Steele, violated his conditions of

release by testing positive for methamphetamines. Both counsel and Mr. Steele

requested long-term drug treatment as part of his sentence because the 30-day

program he had participated in previously was insufficient. 2 R. 28–29. Though

Mr. Steele's guideline range for the violation was four to ten months, U.S.S.G.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

§ 7B1.4(a), the district court sentenced him to twenty months' imprisonment, noting that only a sentence over eighteen months would enable Mr. Steele to get the benefit of drug treatment in a federal facility. Id. at 29. At no point did Mr. Steele object to the sentence.

On appeal, Mr. Steele argues that the district court committed procedural error by imposing a longer sentence so that he would be eligible for a Bureau of Prisons' drug treatment program. Aplt. Br. 6 (citing Tapia v. United States, 131 S. Ct. 2382, 2393 (2011); United States v. Mendiola, 696 F.3d 1033, 1042 (10th Cir. 2012)). He contends that this error satisfies the plain error standard. The government agrees that procedural error occurred and contends that, although a variety of other sentencing factors could support the sentence imposed, the case should be remanded for resentencing. Aplee. Br. 3–4.

At first blush, the doctrine of invited error, under which invited errors are deemed waived, appears to apply.[1] See United States v. Carrasco-Salazar, 494 F.3d 1270, 1272–73 (10th Cir. 2007) (defendant barred from resurrecting objection to presentence report after affirmatively conceding to the district court that all objections had been resolved). As we have explained, waived challenges, unlike forfeited challenges, are not subject to review for plain error. United States v. Teague, 443 F.3d 1310, 1315 (10th Cir. 2006). In distinguishing

---

[1] Although the government does not argue waiver by invited error, we may consider it sua sponte. United States v. Mancera-Perez, 505 F.3d 1054, 1057 n.3 (10th Cir. 2007).

between waiver and forfeiture, we have noted that "waiver is accomplished by intent, [but] forfeiture comes about through neglect." United States v. Zubia-Torres, 550 F.3d 1202, 1205 (10th Cir. 2008) (quoting Carrasco-Salazar, 494 F.3d at 1272).

Mr. Steele and his counsel urged the district court to "consider sending Mr. Steele to a long-term drug treatment facility," and the district court complied by ordering a sentence that would make this possible. 2 R. 28. However, given a more searching review, it is unclear whether Mr. Steele intended to seek a lengthier prison sentence in order to avail himself of such treatment, or, instead, long-term drug treatment instead of imprisonment. On the one hand, a lengthier sentence was essential for Mr. Steele to benefit from a taxpayer-subsidized drug treatment program while incarcerated, according to the district court. Id. at 29. On the other, certain comments by Mr. Steele's counsel, such his request for "a 90 day program" and argument that Mr. Steele had already served "half of the bottom of the guideline range" while awaiting sentencing, suggest that Mr. Steele aspired to long-term drug treatment without the imposition of a lengthier sentence. 2 R. 26–28.

In cases where invited error has barred review of sentencing error, the defendant's intentional relinquishment of an argument was more apparent and direct than here. See, e.g., Mancera-Perez, 505 F.3d at 1057 (defendant barred from appealing forty-six month sentence where he conceded appropriateness of

sentence to district court); Teague, 443 F.3d at 1316–17 (defendant barred from challenging conditions of supervised release that counsel had proposed and defendant had affirmatively agreed to).  Thus, although it is a close call, we do not consider Mr. Steele's argument waived.[2]

Accordingly, we accept the parties' contentions that Mr. Steele's sentence constituted plain error under Tapia, 131 S. Ct. 2382, and Mendiola, 696 F.3d 1033, and that Mr. Steele must be resentenced in compliance with these decisions. We express no opinion on the appropriate sentence.

REMANDED to the district court with directions to VACATE the sentence and resentence.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[2]  We certainly do not fault the district court for its equitable solution, particularly given the urging of Mr. Steele and his counsel, with no objection from either side.