**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4843**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPH DALE MCCORMICK,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00101-WO-2)

———————

Submitted:  May 21, 2015          Decided:  July 2, 2015

———————

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Wynn and Judge Diaz joined.

———————

Anne M. Hayes, Cary, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Greensboro, North Carolina, Graham T. Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Defendant Joseph McCormick appeals his below-guidelines 78-month sentence for possessing stolen firearms. McCormick argues that the district court erred in calculating his sentence by (1) finding that the offense involved a firearm capable of accepting a large-capacity magazine; and (2) ignoring "numerous mitigating factors" that warrant a shorter sentence. Appellant's Br. at 16, 23. Finding the first argument waived and the second meritless, we affirm the district court's sentencing order.

## I.

On June 19, 2014, McCormick pleaded guilty to one count of possessing stolen firearms. J.A. 20-26. In September of that year, a United States Probation Officer prepared a Pre-Sentence Report ("PSR"), calculating a base offense level of 20--"[b]ecause the offense involved semiautomatic firearms that are capable of accepting a large capacity magazine"--and a total offense level of 28. J.A. 139-40. The PSR ultimately calculated a guidelines sentencing range of 97--120 months and recommended a "middle" sentence. J.A. 153. McCormick objected "to all facts in the PSR alleging the offense involved a semiautomatic firearm capable of accepting a large capacity magazine within the meaning of USSG § 2K2.1(a)(4)(B)." J.A. 121.

At McCormick's sentencing hearing, however, his counsel stated that McCormick was "prepared to withdraw that particular objection." J.A. 72. The district court asked McCormick if he had reviewed the PSR with counsel and whether he generally agreed with the report, apart from an unrelated outstanding objection (which McCormick has not presented here). J.A. 73. McCormick answered affirmatively. Id.

In calculating McCormick's sentence, the district court varied downward by two levels--resulting in a total offense level of 26--"to reflect Mr. McCormick's cooperation with law enforcement, his relatively early voluntary plea[,] and other factors." J.A. 91. From the resulting 78-97 month sentencing range, the court imposed a 78 month sentence. J.A. 166. McCormick timely appealed.

## II.

On appeal, McCormick challenges his sentence on two grounds. He contends that the district court erred, first, in finding that his offense involved a firearm capable of accepting a large-capacity magazine, and second, in giving insufficient weight to mitigating factors that would have warranted a shorter sentence. We consider each of these arguments in turn.

A.

We conclude that McCormick waived his first argument in the proceedings below. We review the validity of waiver de novo. Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 278 (4th Cir. 2004). A waived issue is not reviewable on appeal, even for plain error. United States v. Robinson, 744 F.3d 294, 298 (4th Cir. 2014). What is required to effect valid waiver varies depending on the right at issue, United States v. Olano, 507 U.S. 725, 733 (1993), but as relevant here, "[a] party who identifies an issue, and then explicitly withdraws it," such as by raising and withdrawing an objection, "has waived the issue." Robinson, 744 at 298 (4th Cir. 2014) (quoting United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002)). Indeed, "[t]here can be no clearer intentional relinquishment or abandonment of a known right than when the court brings the defendant's prior objection to his attention," and the defendant confirms his intention to withdraw. United States v. Carrasco-Salazar, 494 F.3d 1270, 1273 (10th Cir. 2007) (citation omitted).

McCormick does not contend, nor could he, that he did not withdraw his objection to the court's finding that the offense involved a large-capacity firearm. Instead, he argues that his withdrawal was neither knowing nor voluntary because the district court did not engage McCormick in an extensive colloquy regarding "his willingness to withdraw his objection." Reply

4

Br. at 4. We reject this contention. Where a defendant raises and then withdraws a sentencing objection, "it is difficult to conceive of a more conspicuous example of a knowing and voluntary abandonment of a legal right." Rodriguez, 311 F.3d 435 at 437. Here, the district court, after McCormick's counsel indicated his intention to withdraw the objection, expressly asked McCormick whether his counsel had reviewed the presentence report with him and whether he agreed with the report, except for his one outstanding objection. We think the district court was not required to do more.

Because we conclude that McCormick's withdrawal of his objection was knowing and voluntary, he has waived any challenge to the district court's large-capacity magazine finding.

B.

We also conclude that the district court did not erroneously ignore mitigating factors that would have warranted a shorter sentence. When reviewing sentencing decisions, "'whether inside, just outside, or significantly outside the Guidelines range,' we apply 'a deferential abuse-of-discretion standard.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 40 (2007)). Additionally, appellate courts may consider the guidelines range to be presumptively reasonable. United States v. Evans, 526

5

F.3d 155, 161-62 (4th Cir. 2008) (citation omitted). When, as here, a defendant challenges the length of his below-guidelines sentence, we similarly presume the sentence to be substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Noting the significant burden McCormick faces on appeal, we conduct the following analysis out of an abundance of caution.

Under 18 U.S.C. § 3553(a), sentences must be "sufficient, but not greater than necessary, to comply with" substantive reasonableness, as described by the objectives set out in § 3553(a)(2).* While the Sentencing Guidelines "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives," Rita v. United States, 551 U.S. 338, 350 (2007), "[t]he reasonableness of a sentence is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided [by § 3553(a)]," United States v. Collins, 773 F.3d 25, 32 (4th Cir. 2014) (citation omitted).

---

* Those objectives are "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Here, the district court did not abuse its discretion in its application of the sentencing factors relevant to § 3553(a)'s purposes. The court's analysis of § 3553(a) proceeded in three steps. First, in light of McCormick's early admission of guilt, the district court announced a two-level downward variance to a 78-97 month range, but identified no specific sentence within that range. J.A. 80. Second, after a colloquy with the prosecution, the court noted that that under § 3553(a), "the seriousness of the offense is heightened substantially by the fact that a number of different types of firearms were traded . . . to a drug dealer, presumably for further distribution throughout the community." J.A. 89-90.

Finally, the court reached the factors on which McCormick relies. The court recognized that, under § 3553(a), factors such as McCormick's minor role in the crime, the fact that this was his first felony, and his drug problem were all relevant mitigating factors in determining his sentence. J.A. 87-91. Balancing these mitigating and aggravating § 3553(a) factors, the court imposed a sentence of 78 months--the lowest within McCormick's already reduced range. J.A. 90-91. The court reasoned that, "[w]hile the need for the sentence imposed to reflect the seriousness of the offense is high and the need to deter this type of conduct is high," the "future dangerousness

7

of the defendant with respect to the need to protect the public from further crimes of the defendant is low." Id.

Thus, McCormick's insistence that the court failed to consider those mitigating factors is plainly contradicted. In light of the court's demonstrated consideration of the mitigating factors on which McCormick relies, and in light of the fact that McCormick's below-guidelines sentence is presumptively reasonable, we find no abuse of discretion in the district judge's imposition of McCormick's 78-month sentence.

### III.

For the foregoing reasons, the sentencing order of the district court is

AFFIRMED.