**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ISMAEL SERRANO-RODRIGUEZ, a/k/a
Ismael Rodriguez Serrano, a/k/a Ismael
Serrano Rodriguez, a/k/a Mejel J. Serrano,
a/k/a Jose Rodriguez Orozco, a/k/a
Rodriguez Ismael Serrano, a/k/a Michael
Rodriguez Serrano, a/k/a Ismael Serrano,

    Defendant - Appellant.

No. 15-5027
(D.C. No. 4:14-CR-00165-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Ismael Serrano-Rodriguez appeals the district court's imposition of supervised

release as part of his sentence for violating 8 U.S.C. § 1326. Finding no reversible

error, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

In 2014, Serrano-Rodriguez pled guilty to being found in the United States after his 2012 deportation. *See* 8 U.S.C. § 1326(a). The district court imposed a 37-month prison sentence and three years of supervised release. Although Serrano-Rodriguez didn't object below, he now argues the district court's decision to impose supervised release was procedurally unreasonable because the court failed to adequately explain its rationale for doing so under *Gall v. United States*, 552 U.S. 38 (2007).

Serrano-Rodriguez concedes he did not raise this argument below, but asserts we can nonetheless review his sentence for plain error. Relying on *United States v. Carrasco-Salazar*, 494 F.3d 1270 (10th Cir. 2007), the government asserts Serrano-Rodriguez waived his right to appeal at sentencing when his counsel responded, "No, Your Honor" when asked, "[D]o you know of any legal reason why the sentence cannot be imposed as stated?" Sent. Hr'g Tr., Doc. 32, at 16.[1]

But by declining to object, Serrano-Rodriguez merely forfeited his challenge; he didn't waive it. *Compare Carrasco-Salazar*, 494 F.3d at 1272-73 (concluding defendant waived previous objection by assuring district court that objection had been sufficiently addressed), *with United States v. Harris*, 695 F.3d 1125, 1130 n.4 (10th Cir. 2012) (distinguishing between forfeiture and waiver and concluding defense counsel's "affirmative statement, 'No, Your Honor,' in response to the

---

[1] Again relying on *Carrasco-Salazar*, the government also asserts Serrano-Rodriguez invited any error. But in *Carrasco-Salazar*, we explicitly distinguished between inviting an error and merely withdrawing an objection. *See* 494 F.3d at 1272 ("Here, however, the defendant did not actually invite the alleged error; he merely stated that his prior objection had been resolved.").

court's query[,] 'Any objection?,'" only forfeited defendant's challenge to jury instruction).

Because Serrano-Rodriguez forfeited his supervised-release argument, we review for plain error. *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). To prevail, Serrano-Rodriguez must show (1) an error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). An error is plain "only if it is 'clear or obvious under current law.'" *United States v. Poe*, 556 F.3d 1113, 1129 (10th Cir. 2009) (quoting *United States v. Kelly*, 535 F.3d 1229, 1238 (10th Cir. 2008)). Serrano-Rodriguez can establish plain error by citing controlling authority directly supporting his argument, or by showing that the Guidelines are "'clearly and obviously . . . limited' to the interpretation [he] advocates." *Id.* (quoting *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003)).

Although the district court acknowledged the likelihood that Serrano-Rodriguez would be deported after serving his prison sentence, it nevertheless ordered him to serve a three-year term of supervised release. But as Serrano-Rodriguez points out, the Guidelines provide that "[t]he court *ordinarily* should not impose a term of supervised release in a case in which supervised release is not required by statute[2] and the defendant is a deportable alien who likely will be

---

[2] Supervised release is not required by statute for an alien found in the United States after deportation. *See* 8 U.S.C. § 1326(b); 18 U.S.C. § 3583.

3

deported after imprisonment." U.S.S.G. § 5D1.1(c) (emphasis added). Instead, the application notes following § 5D1.1 explain a deportable alien may be sentenced to supervised release "if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1 cmt. n.5.

Given § 5D1.1(c)'s statement that the "ordinar[y]" sentence shouldn't include supervised release for a deportable alien, Serrano-Rodriguez contends that imposing supervised release under these circumstances constitutes a departure from the Guidelines. Thus, he maintains, the district court should have explained why "the facts and circumstances of [the] particular case" separate it from the "ordinar[y]" scenario contemplated by § 5D1.1(c). *See* § 5D1.1 cmt. n.5; *Gall*, 552 U.S. at 46 (explaining that district court "must give serious consideration to the extent of any departure from the Guidelines and must explain [its] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications"). Because the district court didn't comply with those requirements in this case, Serrano-Rodriguez argues, the district court committed a procedural error.

But even if Serrano-Rodriguez is correct that the district court's imposition of supervised release constituted a departure, he cites no controlling precedent establishing as much. Moreover, the Guidelines are not clearly and obviously limited to the interpretation he advances. In fact, at least three of our sister circuits have

4

come to the opposite conclusion. *See United States v. Alvarado*, 720 F.3d 153, 158 (2d Cir. 2013) (holding *Gall*'s departure analysis is not required when district court elects to impose supervised release for deportable alien, notwithstanding "ordinarily" language of § 5D1.1(c)); *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012) (same); *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012) (same). Thus, even if we assume Serrano-Rodriguez has demonstrated a procedural error, that error is not clear and obvious under current law. *See Poe*, 556 F.3d at 1129.

Serrano-Rodriguez's failure to satisfy the second step of our plain-error test is fatal to his argument. Thus, we need not address whether he can satisfy the remaining steps. *See United States v. Algarate-Valencia*, 550 F.3d 1238, 1243 n.3 (10th Cir. 2008). Because Serrano-Rodriguez fails to establish the district court's failure to make explicit findings violated clearly established law, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge